Chief Justice Robertson
delivered the Opinion of the Court
This is a suit in chancery. Whilst the circuit court was considering exceptions that had been taken to an answer, the defendants made a motion to dismiss the bill, because one of the complainants had removed to Missouri about a year before that time, and the other two had removed to Texas since the preceding term of the court, and no security for costs had been given, as was required by the second section oí an act of 1801, 1 Dig- 201. The counsel for the complainants asked time until the next morning to give the security ; hut the court refused to allow any indulgence, and thereupon directed a dismission of the bill, anti gave to the counsel for tlve defendants time until the next dav to draw up a decree. On the next day, the decree dis *478 missing the bill was presented, and entered on the order book.
It seems to this court, that the circuit judge perverted the object and spirit of the act of 1801. Surely, according to tb.e established doctrine in analogous cases, the complainants had a right to execute a bond for costs nunc pro tunc; and reasonable time should be allowed for the execution of such a bond. The time which was desired in this case was not unreasonable, especially as time was given to prepare a decree ; equal indulgence to the other party would have been reasonable and just. Such reciprocity could not have been unreasonable, or unjust. A bond was not tendered on the next day after the leave was asked ; but the court having decided that no indulgence should be allowed, and directed a dismission of the hill, it would not have been proper to offer a bond afterwards.
But the proper course would have been to have made a rule to give security within a reasonable time. What would be reasonable time would depend on the time when the motion should happen to be made, and on other circumstances. But a suit should not be instantly dismissed, on motion, in any case. The statute authorizes a dismission u at any timed'1 But that only means at any stage of the cause, and without limitation as to time. No chancellor should ever dismiss a bill for want of a bond for costs, without allowing sonle time after the motion. The only object of the statute was to afford security to the party sued. If he can get that within proper and reasonable time, he should not ask or desire more. The nonresident party may not know that security will be required or desired. He may not, therefore, deem it necessary to do an act of supereroga-. tion ; or, through mere inad verfence, he may neglect to execute a bond. And in such cases, it would not he consistent with fairness, or with a proper interpretation of the statute of 180!, to give to the adversary' party the election to lie in- wait, and, at an unexpected moment, to require a peremptory and instantaneous dismission of the suit. Let him ask security, and if he cannot get it without inconvenient delay, then let the suit be dis *479 missed. 'I he statute declares, it is true, that, unless a bond shall have been filed on or before the first day of the term next succeeding the removal of the complainant, the bill may be dismissed on motion. But the third section of an act of 1793, declared that no suit should be brought by a nonresident without filing a bond for costs; and that statute has never been construed to authorize a dismission of the suit, upon motion, if the nonresident party shoidd be willing to give security for the costs.
Decree reversed, and cause remanded, with instructions to receive a bond for costs, if a proper one shall be offered on the calling of the cause.